Luis Felipe Ortiz, Plaintiff and Appellant, *v.* Antonio Cesaní Báez, Defendant and Appellee.

No. 9606. Argued February 3, 1948.—Decided March 15, 1948.

*Federico García Veve* for appellant. *James R. Beverley, José López Baralt,* and *R. Rodríguez Lebrón,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Luis Felipe Ortiz brought, in the District Court of San Juan, an action against Antonio Cesaní Báez for rescission of contract. In view of the questions of law which have arisen by reason of the pleading filed by the defendant, we deem it necessary to make a brief statement of the essential averments of the complaint. They are as follows: That the plaintiff is the owner of a two-story house, made of reinforced concrete, located in Río Piedras, and in the ground floor thereof he had established a gasoline station containing, among other equipment, a battery charger; a large garage jack; a gasoline tank; an oil pump; a brake-fitting machine; a grease sprayer; a complete lift (*"pino completo"*), an automobile washing machine and hose, etc.; that the plaintiff leased to the defendant said first floor and all the properties above described under a contract entered into between them, for a term of 4 years, counted from August 1, 1944, for a monthly rent of $200, the defendant having taken possession as lessee of the premises and of the accessories, which he occupied at the time of the filing of the complaint; that it was expressly agreed between the parties that the lessee would devote the premises to the business of a gasoline station and to the sale of automobile parts and similar goods, and that the noncompliance with the contract by either party would

384

give rise to its rescission and to the bringing of the corresponding action; that the defendant has not paid the rentals pertaining to the months which ended on November 30 and December 31, 1946, and that, in violation of the express terms of the contract, the lessee has devoted a part of the leased premises to the selling of refrigerators, radios, electric washing machines, and toys; that on January 4, 1947, the plaintiff notified the defendant by a registered letter that he considered the lease as rescinded for noncompliance therewith and demanded him to surrender the premises within the unextendible term of 8 days; that the defendant, in spite of such demand, continues to occupy said premises, while the plaintiff has complied with the lease contract in all its parts. The complaint concludes by praying that the lease contract be declared rescinded for noncompliance therewith on the part of the defendant; and that the marshal be ordered to put the plaintiff in possession of the premises and of the property leased, with costs and attorney's fees.

In opposition to the aforesaid complaint, the defendant filed a so-called "motion for consignation and dismissal," in which he alleged that he had offered the November and December rentals to the plaintiff and that the latter had refused to accept them and also that plaintiff's attorney had refused to accept two certified checks for $200 each; and that relying on the provisions of Act No. 268 of 1945, he deposited in court the sum of $600 to cover the $400 due plus the rent pertaining to the month of January, 1947. He also alleged that the complaint did not state facts sufficient to constitute a cause of action.

After the plaintiff had objected in writing to that motion, and after the corresponding hearing was held, the lower court sustained the motion for dismissal and, since it considered that the complaint was not amendable, it rendered judgment dismissing the action, with costs against the plaintiff.

The case is now before us on appeal taken by the plaintiff Luis Felipe Ortiz. The latter first urges that the lower court erred in impliedly admitting the deposit made by the defendant under Act No. 268, *supra*.

██ In its decision and referring to the defendant's motion for consignation, the lower court stated that "it is true that § 12(*a*) of Act No. 464 permits the eviction of the tenant when he fails to pay the rent in the terms agreed upon; but in this case, although the defendant delayed the payment of the rent, when he deposited the total amount due, he protected himself against any action of the plaintiff tending to deprive him of the possession of the premises which he occupies in his business." As applied to the ordinary case of unlawful detainer for nonpayment of rent, the above statement of the lower court would be correct, since pursuant to the provisions of § 628 of the Code of Civil Procedure, as amended by Act No. 268 of May 14, 1945 (Laws of 1945, p. 238), when the complaint is founded upon the nonpayment of the rent agreed upon, the proceedings or the judgment rendered shall be set aside if at any stage of the proceedings the defendant should pay the rent due, with costs and attorney's fees fixed by the court. To the same effect are the provisions of § 18–A, added to the Reasonable Rents Act (No. 464 of 1946, Sess. Laws, p. 1326) by Act No. 415 of May 14, 1947 (Laws of 1947, p. 820).

However, the truth is that the motion for dismissal filed by the defendant admitted, for the purposes of the question of law raised by it, all the essential averments of the complaint, and from the latter it is inferred that what was leased to the defendant was not precisely the premises but mainly the business of gasoline and automobile parts which the defendant had established in the ground floor of the building described in the complaint. For the purposes of the motion for dismissal, we think that the instant case is identical with that of *Orsini* v. *Sánchez*, 67 P.R.R. 809, and that here we

could say *mutatis mutandis* what we stated on this point in the cited case, to wit (p. 813):

"The only question that we have to consider and decide is whether the provisions of the Reasonable Rents Act, § 18A, which authorize the dismissal of the proceedings or the setting aside of the judgment rendered when the unlawful detainer is based on the nonpayment of the rent, are applicable to a case like the one at bar.

"According to the recitals of the lease contract, Orsini is the owner of a gasoline station established on a parcel of land owned by him, with an area of 4,528 square meters, located in Martín Peña. Said station is equipped with all the apparatus and machinery necessary to wash and grease automobiles and with all the instruments and equipment required for the business which is ordinarily performed in stations of this sort, all said equipment being owned by Orsini. Under the third paragraph of the contract, the property leased is 'the gasoline station above described with the furniture which it contains.' There is not involved, therefore, the lease of premises for housing accommodations or for establishing there a business or industry belonging to the lessee. What has been leased is a business already established and belonging to the lessor to be operated by the lessee for the term and under the conditions stipulated in the contract, . . . The lessee Sánchez Parra was not the owner of the business established in the gasoline station. All the things existing therein and used for the operation of the business—with the exception of the stock of goods kept for sale—are owned by the lessor Orsini . . . The subject matter of the lease in this case is, therefore, a gasoline station with the machinery and equipment necessary for its operation and exploitation. What has been leased is a going concern which from the date of the lease was to be operated by the lessee instead of by its owner. The building or "garage" is purely incidental to the business established therein; since possibly the lessee would not have leased said garage unless it included the machinery and equipment installed therein and the station business already established by the lessor.

"The execution of the judgment of eviction would not cause any prejudice to the lessee, who would not have before him the problem of finding a new place for his business. We do not think that the Legislature had the intention of extending the remedy of restricted evictions to cases of this kind."

It is only fair to state that when the lower court rendered its judgment in this case, on July 3, 1947, the above-quoted opinion in the case of *Orsini* v. *Sánchez* had not yet been rendered.

■ On the other hand, although according to the document filed on February 21, 1947, the defendant supplemented his "Motion for Consignation" by depositing the costs paid up to that time and praying that the court should fix and determine the attorney's fees of the plaintiff, as required by § 628 of the Code of Civil Procedure and § 18–A of the Reasonable Rents Act, nothing was decided as to those costs and attorney's fees despite the fact that the lower court rendered its opinion and judgment several months later. Appellee himself admits in his brief the existence of this error.

Since the averments of the complaint have been admitted by the defendant only for the purposes of his motion for dismissal, and in deciding said motion the lower court erred, the judgment of the lower court will be reversed and the case remanded for further proceedings.